IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ESTATE OF RYAN LOVE, DEC.'D BY RON LOVE, SPEC. ADMIN. and PHYLLIS STONE,<br>    Plaintiffs,<br><br>v.<br><br>KOTTKE TRUCKING, INC and CLIFFORD RASSMUSSEN,<br>    Defendants | Case No. 15-1207 |
| DANIEL M LANGAN,<br>    Plaintiff,<br><br>v.<br><br>CLIFFORD RASSMUSSEN and KOTTKE TRUCKING, INC,<br>    Defendants. | Case No. 15-1285<br>Consol. With 15-1207 |
| THE ESTATE of TIMOTHY JAMES FEARY, JAMES E FEARY and BARBARA L FEARY,<br>    Plaintiffs,<br><br>v.<br><br>CLIFFORD RASSMUSSEN and KOTTKE TRUCKING, INC.,<br>    Defendants. | Case No. 15-1491<br>Consol. With 15-1207 |

**ORDER**

Now before the Court are the three separate Plaintiffs' Motions for Leave to File a Fourth Amended Complaint (Docs. 263, 272, 291) and Defendant Kottke's Responses thereto (Docs. 265, 281, 298). For the reasons set forth below, the Motions for Leave to File a Fourth Amended Complaint are GRANTED.

**I**

On May 21, 2015, Plaintiff The Estate of Ryan Love, deceased, by Ron Love, Special Administrator (Love Estate) filed a Complaint against Defendants Clifford Rassmussen (Rassmussen) and Kottke Trucking, Inc. (Kottke) claiming wrongful death against Rassmussen and wrongful death against Kottke following a vehicle accident on May 13, 2015 involving the deceased, Ryan Love, Plaintiff Daniel M. Langan (Langan), another deceased, Timothy James Feary (Feary), and Kottke's driver, Rassmussen. Two months later, on July 13, 2015, Plaintiff Langan filed a Complaint in a separate case against Defendants Rassmussen and Kottke claiming negligence against Rassmussen and Kottke. The Love Estate then filed a first amended complaint to add claims for property damages against Defendants Rassmussen and Kottke, and Langan filed two amended complaints in response to the Court's orders noting deficiencies in diversity jurisdiction allegations. On August 18, 2015, the Court ordered the Love Estate's and Langan's cases consolidated for all purposes. Then, on December 2, 2015, Feary's Estate and Feary's parents (collectively Feary Estate) filed a Complaint against Defendants Rassmussen and Kottke claiming wrongful death against Rasmussen and Kottke and claims under the Illinois Survival Act against both Defendants. The Feary Estate also later filed an amended complaint to cure diversity jurisdiction allegations. On March 3, 2016, the Feary Estate's case was consolidated with the Love Estate's and Langan's cases for discovery only. On June 22, 2016, the Feary

Estate filed its second amended complaint to include claims for property damage against Defendants Rassmussen and Kottke. On December 6, 2016, the Love Estate filed its second amended complaint and Langan filed his third amended complaint, each adding a claim for punitive damages against Defendant Rasmussen. On January 27, 2017, the Feary Estate filed a third amended complaint in which it added a claim for punitive damages against Defendant Rasmussen. On October 27, 2016, the Feary Estate's case was consolidated with the other two cases for all purposes. On May 8, 2017, the Love Estate filed its third amended complaint in which it added a survival count against Defendant Rasmussen and one against Defendant Kottke.

Discovery schedules were originally put into place in the Love Estate/Langan consolidated case on October 21, 2015 and in the Feary case on January 29, 2016. Of particular relevance to the instant Motions to Amend, the Love Estate/Langan consolidated case set a deadline to amend the pleadings of October 1, 2016. The Feary case originally set a deadline of October 1, 2016 to amend the pleadings which was later amended to December 1, 2016. The Love Estate and Langan cases have continued through discovery and motion practice since October 2015, and the Feary estate has done so since January 2016.

On September 6, 2017, Plaintiff Feary Estate filed its Motion to Amend; on September 25, 2017, Plaintiff Langan filed its Motion to Amend; and on November 6, 2017, Plaintiff Love Estate filed its Motion to Amend. In each of their Motions, the Plaintiffs request leave to add counts for punitive damages against Defendant Kottke. Plaintiff Love Estate also seeks to include additional negligence allegations against Defendant Kottke. Defendant Kottke filed Responses (Docs. 265, 281, 298) in opposition to each of the Plaintiff's Motions to file their fourth amended complaints. In its Responses, Defendant Kottke argues that the Plaintiffs improperly seek punitive damages for negligent conduct which is improper under

Illinois law. Kottke further argues that the Motions should be denied due to futility as the new counts fail to state viable causes of action where the allegations are conclusory and otherwise fail to comply with the federal notice pleading standard. With regard to Plaintiff Love Estate's attempt to add a new count for negligence against Defendant Kottke, Kottke argues that the Love Estate improperly attempts to assert a claim for direct negligence when vicarious liability and negligence as to the counts previously pleaded have been admitted.

II

The Plaintiffs have all sought leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2). However, the question of whether to allow the Plaintiff to amend his Complaint at this late stage – after the deadline for amendment of pleadings has expired – must be evaluated under FEDERAL RULE OF CIVIL PROCEDURE 16(b). *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent") (emphasis added); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689 (N.D. Ill. 2009) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count); *Winfrey v. Walsh*, NO. 07-CV-2093, 2008 WL 1766600, at *3 (C.D. Ill. Apr. 14, 2008) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed less than one month before the plaintiff filed her motion for leave to amend to plead a medical malpractice case); *and Phillips 66 Pipeline LLC v. Rogers Cartage Co.*, NO. 11-CV-497, 2013 WL 441089, at *2 (S.D. Ill. Feb. 5, 2013) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed approximately eight months before the plaintiff

sought leave to amend to add a contribution claim). At this stage of the litigation, the Plaintiff must show "good cause." *Trustmark Ins. Co.*, 424 F.3d at 553. Good cause requires a showing of diligence by the party seeking the amendment. *Id*.

### A

The Court finds that the Plaintiffs have shown diligence in seeking to amend their complaints for a fourth time to include counts for punitive damages against Defendant Kottke. While the parties have actively litigated this case (and have been involved in extensive discovery) for a substantial amount of time, there is nothing in the record to indicate that the Plaintiffs delayed in bringing their additional counts for punitive damages. In fact, Plaintiff Langan points out in his Brief in support of his Motion to Amend that the Plaintiffs' expert, Walter A. Guntharp, on August 3, 2017 "issued his ten page report pulling together discovery materials from all parties thereby setting the stage for willful and wanton misconduct by Defendant Kottke separate dissimilar [sic] to the claim against Rasmussen." (Doc. 273 at pgs. 2-3).[1] The first Motion for Leave to File a Fourth Amended Complaint was filed just weeks later by the Feary Estate on September 6, 2017. The Court cannot say the other Plaintiffs lacked diligence in filing their own Motions to Amend where, in the meantime, the Court held a pre-settlement conference status telephone call with all of the parties and the parties continued with discovery and prepared for the settlement conference.

Because all of the parties proceeded under the Rule 15(a)(2) standard that a court should freely give leave to a party to amend its pleading "when justice so requires," the Court will briefly address the arguments made relevant to that inquiry. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (explaining that under Rule 15(a)(2), leave to amend may be denied where there is undue

---

[1] Plaintiff Love Estate similarly points out that it "recently received" the Guntharp Report.

delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility). Defendant Kottke argues the futility of the Plaintiffs' proposed amendments for various reasons. Those reasons are rejected.

First, while the Plaintiffs may have been less than precise when using the language of "direct negligence," "ordinary care," and the like in their new claims, such language does not doom forever those new counts. Plaintiffs Feary Estate and Love Estate correctly point out that the use of such language can be easily remedied without affecting the content of the new claims. The content of those new claims for punitive damages against Kottke includes allegations sufficient to meet the federal notice pleading standard. *See Chapman v. Yellow Cab Coop.*, NO. 17-1758 (7th Cir. Nov. 16, 2017) ("Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory") (emphasis in original); *Olson v. Bemis Co., Inc.*, 800 F.3d 296, 304 (7th Cir. 2015) ("Notice pleading requires the plaintiff's complaint to allege sufficient facts to state a claim for relief that is plausible on its face"), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In that regard, and second, Kottke acknowledges that federal courts only require notice pleading, yet their argument amounts to one more suitable in courts requiring fact pleading. *Chapman*, NO. 17-1758 (7th Cir. Nov. 16, 2017) ("Because complaints [in federal court] need not identify the applicable law, . . . it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each"); *compare Rodriguez v. Ill. Prisoner Review Bd.*, 876 N.E. 2d 659, 664 (Ill. App. 2007) (explaining that "[b]ecause Illinois is a fact-pleading jurisdiction, a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged"). Moreover, Kottke's arguments regarding

6

proximate cause and corporate complicity are more appropriately made in a motion to dismiss than in a response to a motion to amend a complaint. Third, Kottke cannot be heard to complain about any prejudice to it if the Court allows the amendment as Plaintiff Feary Estate correctly points out that all claims made against Defendant Kottke to date arise on vicarious liability for the actions of Defendant Rassmussen. Therefore, it can come as no surprise that the Plaintiffs seek to add yet another claim against Kottke based upon such a theory.

B

The Court further finds that the Love Estate exercised diligence in seeking to amend its complaint to include a claim for negligence directly against Kottke. The Love Estate says in is Motion to Amend that the Guntharp Report (mentioned *supra*), supports the two new claims for punitive damages and direct negligence against Kottke that it seeks to add. As already discussed above, that Report is a rather recent addition to the discovery materials in this case.

Moreover, the Court has reviewed Kottke's cited cases and the Love Estate's argument for why those cases do not apply in this case. Defendant Kottke argues that under Illinois law, claims for direct negligence against a principal are not allowed when the principal has admitted negligence under a vicarious liability/*respondeat superior* theory. Kottke cites *Neff v. Davenport Packing Co.*, 268 N.E. 2d 574 (Ill. App. 1971), in which the plaintiff filed a complaint based upon the negligent actions of the truck driver and alleged that the defendant company was liable because the driver was the defendant's employee. 268 N.E. 2d at 574. The defendant company admitted that the driver was its agent and employee operating within the scope of his employment at the time of the event and admitted that if the driver were liable it would be as well under the doctrine of *respondeat superior*. *Id.* at 575. The defendant company then moved to dismiss the plaintiff's new count for negligent entrustment for the reason that such a count

was irrelevant given its admission of agency on the first count. *Id.* The *Neff* court ultimately agreed with the "majority view" that "issues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor." *Id*. at 575. Similarly, in *Thompson v. Northeast Illinois Regional Commuter R.R. Corp.*, the defendant employer did not dispute that its employee was acting within the scope of his employment at the time of the accident and that it would be liable for his negligent acts under a *respondeat superior* theory. 854 N.E. 2d 744, 748 (Ill. App. 2006). The trial court granted the employer's summary judgment motion on the plaintiff's additional count for negligent entrustment. *Id*. at 747. The *Thompson* court explained that the trial court did not err in granting the motion because the cause of action for negligent entrustment was duplicative and unnecessary given that the employer did not dispute the employee was its agent and acting within the scope of employment at the time of the accident. *Id*. at 748.

Here, however, the Love Estate argues that its new claim for negligence against Kottke is separate and independent from the claims for negligence against Kottke for Rasumussen's actions under a *respondeat superior* theory. The Love Estate argues that within Count VIII, it seeks to hold Defendant Kottke accountable for *its own actions* apart from Rasumussen's actions. *Contra Thompson*, 854 N.E.2d at 747 ("Under either [the doctrine of *respondeat superior* or the doctrine of negligent entrustment], the liability of the principal is dependent on the negligence of the agent"). Given the Love Estate's representations in its Reply coupled with the allegations of the proposed Count VIII, the Court cannot say that the Love Estate improperly attempts to assert Count VIII at this time. *See Chapman*, No. 17-1758 (7th Cir. Nov. 16, 2017) ("It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint") (internal citations omitted).

## III

For the foregoing reasons, the Plaintiffs' Motions for Leave to File a Fourth Amended Complaint (Docs. 263, 272, 291) are GRANTED. The Plaintiffs are granted leave to file further amended complaints, as they have suggested, to remove any imprecise language within their punitive damages counts against Kottke within 21 days in accordance with this Order.

*It is so ordered.*

Entered on November 21, 2017.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE